IN the MATTER OF DISCIPLINARY PROCEED-
INGS AGAINST Charles W. OPPITZ, Attorney at
Law.

Supreme Court

*No. 90-0781-D. Filed September 6, 1990.*

(Also reported in 459 N.W.2d 569.)

**PER CURIAM.** *Attorney disciplinary proceeding:
attorney's license revoked.*

We review the recommendation of the referee that the license of Charles W. Oppitz to practice law in Wisconsin be suspended for a period of six months as discipline for professional misconduct. That misconduct included failing to act with reasonable diligence and promptness in client matters, failing to keep clients reasonably informed of the status of their matters, failing to protect clients' interests when terminating representation, entering into a business transaction with a client in which he had differing interests without disclosing the conflict and obtaining the client's informed consent, failing to render appropriate accounts to a client for money received on the client's behalf, revealing information relating to a client's representation without the client's consent, failing to promptly pay to a client funds to which the client was entitled, using trust account funds for personal purposes and misrepresenting the status of a settlement in order to avoid paying a client's obligation.

This proceeding was conducted on default, without the participation of Attorney Oppitz, for the reason that the Board of Attorneys Professional Responsibility (Board) was unable to locate him—its efforts to serve him with the disciplinary complaint personally and by certified mail at his addresses of record with the State Bar of Wisconsin were unsuccessful. The referee reported that, were it not for the default, he would have recommended that Attorney Oppitz's license be revoked for what he termed "repeated and callous disregard of his clients' interests . . . in order to protect the public from further injury." However, in light of the possibility that circumstances might exist that would mitigate the seriousness of the misconduct and the severity of discipline to be imposed for it, the referee, upon suggestion of the Board, recommended that Attorney Oppitz's license to practice law be suspended for a period of six months so

that he would be required to petition the court for its reinstatement and show that he has made restitution to persons harmed by his misconduct or explain why he has not done so.[1]

We determine that the egregious nature and extent of Attorney Oppitz's misconduct warrant the revocation of his license to practice law. The discipline recommended by the referee is, in effect, a license suspension for an indefinite period of time and is not responsive to the gravity of the misconduct it is intended to sanction. Notwithstanding the recommendation, the referee stated his belief that license revocation was appropriate discipline for Attorney Oppitz's misconduct, absent mitigating facts. We agree.[2]

Attorney Oppitz was licensed to practice law in 1975 and practiced in Milwaukee. On October 31, 1988 his license was suspended for failure to pay mandatory

---

[1]Supreme Court Rule 22.28(3) provides that an attorney whose license is revoked or suspended for six months or more for misconduct shall not resume practice until the license is reinstated by order of the Supreme Court. Subsection (4) of that rule requires, among other things, that the petitioner show, among other things, that restitution or settlement of claims has been made to persons harmed by the misconduct or, if not, why it was not made.

[2]Prior to imposing discipline more severe than that recommended by the referee in an attorney disciplinary proceeding, it is the practice of this court to issue an order to show cause to the parties, requesting a response on the propriety of the recommended discipline as it relates to the seriousness of the misconduct for which it is recommended to be imposed. We do not do so here for the reason that, in light of the Board's inability to locate Attorney Oppitz and serve him with the complaint in this proceeding, it would appear to be futile. In the event Attorney Oppitz had no notice of this proceeding and wishes to present matters in mitigation, he may do so by motion to the court.

assessments for the Board of Attorneys Professional Responsibility and the Board of Attorneys Professional Competence and it remains so suspended.

The referee's findings of fact and conclusions of law concerning his professional misconduct are the following. In November, 1986 a woman retained Attorney Oppitz to represent her in a contract dispute that resulted in two separate legal actions ultimately consolidated in circuit court for Marathon county. In May, 1988 Attorney Oppitz informed his client that he would be leaving the state and would turn her file over to a named attorney, but he did not inform anyone else connected with the action of that fact and did not turn the file over to other counsel. During the summer of 1988, Attorney Oppitz was sent notices of a deposition of one of his client's expert witnesses but failed to appear for the deposition. The attorney seeking to take that deposition attempted to telephone Attorney Oppitz and learned that his telephone had been disconnected. The judge to whom the case had been assigned wrote Attorney Oppitz asking that he contact the court immediately to confirm whether he would continue representing the client. That letter was sent to Attorney Oppitz's Milwaukee address and shortly thereafter to his Michigan address but at no time did Attorney Oppitz respond. The client attempted to obtain her file, which contained important original documents and photographs, from Attorney Oppitz but was never able to reach him to do so.

The referee concluded that Attorney Oppitz failed to act with reasonable diligence and promptness in representing his client, in violation of SCR 20:1.3,[3] failed to keep his client reasonably informed of the status of the

[3]SCR 20:1.3 provides: "**Diligence.** A lawyer shall act with reasonable diligence and promptness in representing a client."

matter for which he was retained, in violation of SCR 20:1.4(a),[4] and failed to take steps reasonably practicable to protect his client's interests when he terminated his representation, in violation of SCR 20:1.16(d).[5]

In February, 1987, a man retained Attorney Oppitz to represent him in connection with a claim arising from a fall in which personal injury was incurred. Attorney Oppitz wrote to the management company of the building in which the fall occurred and notified it of the claim as well as of Attorney Oppitz's claim of attorney's lien. In December of that year, Attorney Oppitz told the client that a "financial agreement" concerning the claim would commence the following month but thereafter, despite repeated efforts, the client was never able to contact Attorney Oppitz to find out about that alleged agreement. He wrote to Attorney Oppitz in April of 1988 requesting information about it and asked Attorney Oppitz to contact him within 30 days and, if he decided not to pursue the claim, to return the client's files. When he received no response, he again wrote, terminating Attorney Oppitz's representation and demanding that he contact the management company to confirm that the claimed attorney's lien was null and void. Attorney

---

[4]SCR 20:1.4 provides: "**Communication.** (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[5]SCR 20:1.16 provides:

**Declining or terminating representation.**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

Oppitz never responded to either of the client's letters; neither did he contact the client or act on any of his requests. The client never received his file from Attorney Oppitz and was unable to retain substitute counsel. As a result, the insurance company handling the claim closed its file without making any payment to the client.

The referee concluded that Attorney Oppitz failed to act with reasonable diligence and promptness in the matter, in violation of SCR 20:1.3, failed to keep the client reasonably informed of the status of the matter and failed to comply with his reasonable requests for information, in violation of SCR 20:1.4(a).

In December, 1984, Attorney Oppitz borrowed $30,000 from a client, signing a one-payment note for principal and 18 percent interest. Attorney Oppitz never advised the client that the loan transaction was one in which the two of them had differing interests, did not ascertain if the client was expecting him to exercise his professional judgment in that transaction to protect the client, never gave the client a reasonable opportunity to seek the advice of independent counsel in the matter and never obtained the client's informed consent to the conflict of interest created thereby. Attorney Oppitz never paid any amount on the note when it became due in March, 1985 and paid only small amounts thereafter. The client's attempts to commence legal action on the note against Attorney Oppitz have been unsuccessful because of the inability to learn his whereabouts to serve process.

The referee concluded that Attorney Oppitz entered into a business transaction with a client involving differing interests without disclosing or discussing the conflict and without obtaining the client's informed consent, in

271

violation of SCR 20.27(1).[6]

In 1983, Attorney Oppitz informed a client that he had obtained a $16,000 settlement on her behalf, paid her $4,000, kept $5,000 as his contingent fee and told the client that the remaining amount was to pay for experts and costs. When the client asked him to itemize the amount owing for experts and costs, Attorney Oppitz promised to do so but never did. The referee concluded that Attorney Oppitz failed to render appropriate accounts to his client for money received in settlement on her behalf, in violation of SCR 20.50(2)(c).[7]

In January, 1987, a man retained Attorney Oppitz to represent him on a charge of operating a motor vehicle while intoxicated and paid him almost $1,800 toward his fee. The following June, Attorney Oppitz, without notifying the client, turned the file over to first one attorney, then another. The referee concluded that

---

[6]SCR 20.27 provides:

**Limiting business relations with a client. (1)** A lawyer may not enter into a business transaction with a client if they have differing interests in that transaction and if the client expects the lawyer to exercise his or her professional judgment in the transaction for the protection of the client, unless the client has consented after full disclosure.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.8(1).

[7]SCR 20.50 provides:

**Preserving identity of funds and property of a client.**

. . .

(2) A lawyer shall:

. . .

(c) Maintain complete records of all funds, securities and other properties of a client coming into the possession of the lawyer and render appropriate accounts to the client regarding them.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(e).

Attorney Oppitz thereby revealed information relating to his representation of a client without the client's consent, in violation of SCR 20:1.6(a).[8]

In March, 1985, a woman retained Attorney Oppitz to represent her daughter, who had developed Reyes Syndrome at the age of 15 months, allegedly as a result of taking aspirin. Attorney Oppitz was to pursue litigation against a pharmaceutical company for failure to place a warning on the aspirin bottle but did not return his client's repeated calls to learn of the status of the matter. When the client learned in 1988 that Attorney Oppitz's telephone had been disconnected, she wrote to him but received no reply. Attorney Oppitz had in his possession all medical records in connection with the client's claim and has not given them to the client or informed her of their location. The referee concluded that Attorney Oppitz effectively terminated representation without taking steps reasonably practicable to protect his client's interests, in violation of SCR 20:1.16(d), and failed to act with reasonable diligence and promptness in representing his client, in violation of SCR 20:1.3.

In February, 1987 a man retained Attorney Oppitz to represent him in connection with two speeding tickets, for which he paid him $200. Attorney Oppitz subsequently informed the client that one of the tickets was taken care of and that he needed $150 to reopen the second one. The client paid the additional money and believed that the matter had been taken care of. In

---

[8]SCR 20:1.6 provides:

**Confidentiality of information.** (a) A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b), (c) and (d) [not applicable here].

December, 1988, the client learned that Attorney Oppitz had not appeared with respect to either ticket and as a result the client was unable to reopen the cases and was required to pay the fines. The referee concluded that Attorney Oppitz failed to act with reasonable diligence and promptness in representing his client and neglected the legal matter, in violation of SCR 20:1.3.

In 1985 Attorney Oppitz represented his then wife in connection with an accident in which she incurred a $110 ambulance fee. Attorney Oppitz wrote the fire department seeking information and indicating that he would see to it that all charges were promptly paid. Thereafter, however, seven separate invoices for the ambulance fee were mailed to the client between December, 1985 and June, 1986. The accident was settled in June, 1986 and the insurance company sent a check in payment of the settlement amount. Shortly thereafter Attorney Oppitz told the fire department that the case had not been settled but that he would mail payment of the ambulance fee as soon as it was. In May, 1987 Attorney Oppitz again told the fire department that there would be no problem making the payment as soon as the case was settled. The referee concluded that Attorney Oppitz engaged in conduct involving dishonesty, fraud, deceit and misrepresentation, in violation of SCR 20.04(4).[9]

After having borrowed $31,500 from a client, Attorney Oppitz wrote to the client in May, 1984 sending a

---

[9]SCR 20.04(4) provides:

**Misconduct.** A lawyer shall not:

. . .

(4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

check in the amount of $12,000 and a handwritten promissory note for the balance, with interest to be paid quarterly. Attorney Oppitz never paid the client the amounts due on the note nor did he attempt to contact her regarding payment. The client unsuccessfully tried to contact Attorney Oppitz and was unable to learn his whereabouts. The referee concluded that Attorney Oppitz engaged in conduct involving dishonesty, in violation of SCR 20:8.4(c).[10]

Attorney Oppitz received two checks from an insurance company constituting payment for certain medical expenses incurred by a client. One of those checks, in the amount of $760, was deposited into his trust account, whereupon he sent his client a check written on that account in the amount of $160, telling her that it was her portion of the $760 payment. He then wrote another trust account check to himself in the amount of $100 and endorsed it over to a telephone company. Soon thereafter the client deposited the trust account check but it was returned for insufficient funds. The client retained other counsel to pursue the matter but Attorney Oppitz failed to respond to requests to make good on the check. When he effectively disappeared in 1988, the client and her attorney were unable to contact him and were unable to do anything to release the attorney lien he had placed on proceeds from the settlement in the client's case. However, the client retained new attorneys and ultimately obtained a settlement of her claim but as a result of Attorney Oppitz's disappearance and failure to extinguish his attorney lien, $2,500 of the proceeds due to the

---

[10]SCR 20:8.4 provides:

**Misconduct.** It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

successor attorney has been held in escrow for more than 18 months and cannot be released.

The referee concluded that Attorney Oppitz's failure to promptly pay or deliver to his client funds received from the insurance company to which she was entitled violated SCR 20.50(2)(d),[11] that his use of trust account funds for personal purposes violated SCR 20.04(4) and that his termination of his representation without taking steps reasonably practicable to protect the client's interest violated SCR 20:1.16(d).

After receiving complaints from three court reporting services stating that Attorney Oppitz had failed to pay them for services rendered, the Board sent some 12 separate letters or notices between June, 1987 and March, 1988 asking Attorney Oppitz to appear and provide explanations for his failure to pay the reporters. Attorney Oppitz at no time fully and fairly disclosed the facts and circumstances relating to those complaints, nor did he disclose facts and circumstances relating to a complaint received from a non-lawyer investigator he had employed stating that Attorney Oppitz had used his trust account to pay personal expenses and failed to disburse trust account funds to clients. Further, Attorney Oppitz did not produce trust account records requested by the Board and did not respond to its requests for information concerning three of the client grievances set forth above. The referee concluded that Attorney Oppitz

---

[11]SCR 20:50(2) provides:

A lawyer shall:

. . .

(d) Promptly pay or deliver to the client as requested by a client the funds, securities or other properties in the possession of the lawyer which the client is entitled to receive.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(b).

thereby violated SCR 22.07(2) and (3)[12] and 20:1.15(f).[13]

By this misconduct, Attorney Oppitz has demonstrated that he is unfit to be entrusted with the representation of others in legal matters. He has repeatedly violated his fundamental duty to his clients to pursue their matters diligently and he has abandoned several of them without notice or recourse. In addition, he retained funds belonging to clients without authorization and used some of those funds for his own purposes. Protec-

---

[12]SCR 22.07 provides:

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

[13]SCR 20:1.15 provides:

**Safekeeping property.**

. . .

(f) Upon request of the Board of Attorneys Professional Responsibility, or upon direction of the Supreme Court, the records shall be submitted to the board for its inspection, audit, use and evidence under such conditions to protect the privilege of clients as the court may provide. The records, or an audit thereof, shall be produced at any disciplinary proceeding involving the attorney wherever material. Failure to produce the records shall constitute unprofessional conduct and grounds for disciplinary action.

tion of the public from such lawyer misconduct demands the revocation of his license to practice law.

IT IS ORDERED that the license of Charles W. Oppitz to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Charles W. Oppitz pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Charles W. Oppitz comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

STEINMETZ, J., did not participate.