In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Donald J. PETERSON, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Donald J. PETERSON, Respondent.

Supreme Court

*No. 2005AP2490–D. Decided May 5, 2006.*

2006 WI 41

(Also reported in 713 N.W.2d 101.)

¶ 1. PER CURIAM. We review the stipulation filed by Donald J. Peterson and the Office of Lawyer Regulation (OLR), pursuant to SCR 22.12,[1] wherein

---

[1] SCR 22.12 provides in part: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law

---

Attorney Peterson admits to facts and misconduct alleged in the OLR's complaint. The stipulation does not, however, provide for the level of discipline to be imposed for the misconduct, and the parties agreed that the issue of sanctions would be considered at the disciplinary hearing. Following the disciplinary hearing, the referee, Henry A. Field, Jr., recommended that Attorney Peterson's license be suspended for 18 months, that he make restitution in the amount of $26,237, and be assessed the costs of the proceeding. The OLR filed a statement of costs incurred in the sum of $2757.91 as of February 15, 2006.

¶ 2. We approve the stipulation and adopt the stipulated facts and conclusions of law. We agree that the seriousness of Attorney Peterson's misconduct warrants the suspension of his license to practice law. However, in light of factors discussed below, we determine that the proper disposition is the suspension of Attorney Peterson's license to practice law for a period of two years, together with restitution and costs.

¶ 3. Attorney Donald Peterson was licensed to practice law in Wisconsin and has no previous disciplinary history. In November 2000 Attorney Peterson was employed as an associate by the Wilson Law Group, LLC. In August 2004 Attorney Peterson admitted that he had used a controlled substance, cocaine. He entered into an agreement with his law firm wherein he would enter counseling and remain drug free preceding work and during work hours. In September 2004 the manag-

regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

ing partner of the firm learned that Attorney Peterson had tested positive for cocaine and was either missing or arriving late for counseling sessions. The law firm terminated Attorney Peterson's employment on September 30, 2004.

¶ 4. After reviewing Attorney Peterson's client files and speaking with a client, the firm learned that its records did not reflect a retainer payment that the client had paid for legal services. When confronted with this situation, Attorney Peterson acknowledged that the client had paid him directly, and admitted other clients made payments not reflected in the firm's records.

¶ 5. In a letter to Attorney Peterson, the law firm listed a total of $13,230 in fees that its records indicated Attorney Peterson diverted to his own use. By return correspondence, Attorney Peterson admitted that he received fees in the approximate amount of $13,000 which he did not entirely deposit into the appropriate trust accounts, but were directed toward his personal and business expenses. Attorney Peterson also admitted that he had "borrowed" a VCR from the law firm.

¶ 6. In December 2004, in conjunction with his admission to an in-patient treatment program, Attorney Peterson was diagnosed as being cocaine dependent. Further review of the law firm's records revealed that Attorney Peterson wrongfully diverted over $26,000 in fees belonging to the firm for his personal use and pawned the law firm's VCR without the law firm's consent.

¶ 7. In October 2005 the OLR filed a two-count complaint alleging the following misconduct: Count 1 alleged that Attorney Peterson engaged in dishonesty,

78

fraud, deceit or misrepresentation, contrary to SCR 20:8.4(c),[2] by telling clients to make their checks payable to him instead of the Wilson Law Group, thereby diverting over $26,000 in legal fees to his personal use, and pawning the law firm's VCR. In Count 2 the OLR alleged that by using cocaine, a habit that requires possession of that controlled substance as proscribed by law, Attorney Peterson committed a criminal act reflecting adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer, contrary to SCR 20:8.4(b).[3] The complaint requested that Attorney Peterson be found in violation of supreme court rules and that his license to practice law in Wisconsin be suspended for two years, and that he be required to make restitution and pay the costs of the proceedings.

¶ 8. Attorney Peterson eventually entered into a stipulation and no contest plea to the disciplinary complaint. He agreed to the complaint's allegations as a factual basis for its determination of the misconduct alleged in Counts 1 and 2. Attorney Peterson did not retain counsel but verified he understood his right to consult with an attorney.

¶ 9. A hearing to determine discipline was held before the referee and Attorney Peterson appeared pro se. The referee entered findings of fact and conclusions of law consistent with the stipulated allegations of the complaint. With respect to discipline, the referee con-

---

[2] SCR 20:8.4(c) provides that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[3] SCR 20:8.4(b) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

sidered that Attorney Peterson had no previous disciplinary history, had been cooperative with the OLR and the law firm in establishing the amount of money misappropriated, and that he voluntarily withdrew from the practice of law in October 2004. The referee acknowledged the OLR's argument that the complaint involves serious misconduct of misappropriation of over $26,000 in fees, which had belonged to the firm, and that the misconduct not only involves elements of theft and dishonesty, but also the criminal use of cocaine. Based on the aggravating and mitigating factors, the referee recommended that Attorney Peterson's license to practice law in Wisconsin be suspended for a period of 18 months and that he be responsible for restitution to the law firm and the costs of the proceeding. No appeal has been filed.

¶ 10. Pursuant to SCR 22.12, if this court approves the stipulation it shall adopt the stipulated facts and conclusions of law. Because the stipulation did not provide for the level of discipline to be imposed, and a referee was appointed for the purpose of recommending discipline, SCR 22.12 does not apply to the referee's recommended discipline.

¶ 11. Although this court takes into account a referee's recommendation as to appropriate discipline, this court does not accord the recommendation conclusive or great weight. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686. It is this court's responsibility to determine appropriate discipline to be imposed for attorney misconduct. *Id.* In making that determination this court is free to impose discipline more or less severe than recommended by the referee. *Id.*

¶ 12. In determining the appropriate level of discipline, this court considers the seriousness of the misconduct, as well as the need to protect the public, the courts and the legal system from a repetition of the misconduct, along with the need to impress upon the attorney the seriousness of his misconduct and to deter other attorneys from engaging in similar misconduct. *See In re Disciplinary Proceedings Against Charlton,* 174 Wis. 2d 844, 875–76, 498 N.W.2d 380 (1993).

¶ 13. Before imposing discipline more severe than recommended by the referee in attorney disciplinary proceedings, this court in the past has at times issued an order to show cause to the parties, requesting a response on the propriety of the recommended discipline as it relates to the seriousness of misconduct for which it is recommended. *See In re Disciplinary Proceedings Against Oppitz,* 157 Wis. 2d 266, 278 n.2, 459 N.W.2d 569 (1990). In several cases, however, this court has increased the recommended sanction without first requesting the parties to comment either by brief or by order to show cause. *See Widule,* 261 Wis. 2d 45, ¶ 45 n.10. In the *Widule* disciplinary proceeding, we did not ask for additional briefing because the increased suspension that we imposed was consistent with the discipline the OLR initially sought in its complaint. *Id.*

¶ 14. Pursuant to SCR 22.12, this court approves the stipulation, and adopts the stipulated facts and conclusions of law. The matter left for this court's decision, then, is the appropriate discipline to impose. This court concludes that the 18–month suspension recommended by the referee is not sufficient to address the seriousness of Attorney Peterson's misconduct. We recognize that Attorney Peterson has no previous his-

tory of discipline; he eventually cooperated with establishing the amount of money misappropriated, and he voluntarily withdrew from the practice of law. Nonetheless, we conclude that his theft of over $26,000 in client funds and his criminal use of cocaine, as well as pawning the law firm's property, requires a more severe discipline to impress upon him and others the responsibilities of the legal profession and the ethical constraints placed upon its practice. Because the two-year license suspension is consistent with what the OLR initially sought in its disciplinary complaint, we do not ask the parties to comment by either briefing or responding to an order to show cause. *See Widule,* 261 Wis. 2d 45, ¶ 45 n.10. We agree with the referee that the imposition of restitution and costs is appropriate.

¶ 15. IT IS ORDERED that the license of Attorney Donald J. Peterson to practice law in Wisconsin is suspended for a period of two years, effective the date of this order.

¶ 16. IT IS FURTHER ORDERED that within 90 days of the date of this order Attorney Donald J. Peterson shall provide evidence to the Office of Lawyer Regulation that he has fully paid restitution to his former law firm in the sum of $26,237, or that he has entered into a repayment agreement for the remaining amount due. If evidence is not provided within that time, the license of Attorney Donald J. Peterson to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 17. IT IS FURTHER ORDERED that within 90 days of the date of this order, Attorney Donald J. Peterson shall pay to the Office of Lawyer Regulation the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of an inability to pay the costs

within that time, the license of Attorney Peterson to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 18. IT IS FURTHER ORDERED that Attorney Peterson comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended, if he has not already done so.